NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE RIGO PINEDA-CERVANTES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1961

Agency No.
A087-711-026

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2023**
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO, Senior
District Judge.***

Jose Rigoberto Pineda-Cervantes, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Kiyo A. Matsumoto, United States Senior District
Judge for the Eastern District of New York, sitting by designation.

an Immigration Judge's (IJ) order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny in part and grant in part the petition. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

On appeal, Pineda-Cervantes challenges only the BIA's decision as to his claims for withholding of removal and CAT relief. Accordingly, we do not address Pineda-Cervantes's asylum claim.

1.    For withholding of removal claims, the "nexus" or causation standard is whether a protected characteristic was "a reason" for past or future feared harm. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). For Pineda-Cervantes's withholding of removal claim, the BIA erred in reviewing the IJ's nexus determination for clear error, rather than de novo. *See Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023) ("[T]he BIA must review de novo . . . whether a protected ground was . . . 'a reason' (for withholding of removal) for the past or feared harm."). The BIA's decision stated that "[Pineda-Cervantes's] assertion that he established persecution on account of his family status . . . does not establish clear error in the [IJ's] finding that [Pineda-Cervantes's] family ties were not a reason for any past harm." Accordingly, the BIA stated that Pineda-Cervantes's

arguments on appeal failed to establish clear error in the IJ's nexus determination—precisely the standard that our court rejected in *Umana-Escobar*.

The BIA's decision contains "insufficient indication . . . that the BIA's clear error review pertained to the IJ's factual determinations," such as the lack of persecutory motive by the alleged assailants, "as opposed to the ultimate nexus determination." *Umana-Escobar*, 69 F.4th at 552–53. Therefore, we remand to the BIA to apply the proper standard in reviewing the IJ's denial of Pineda-Cervantes's withholding of removal claim.

2. Substantial evidence supports the agency's findings that Pineda-Cervantes did not establish that he was more likely than not to be tortured upon return to Mexico. Pineda-Cervantes did not submit any evidence that he had been tortured by or with the acquiescence of a public official in the past. Substantial evidence supports the agency's finding that Pineda-Cervantes did not establish that public officials had consented to or acquiesced to any of the attacks his family had suffered, or that they would do so for any violence Pineda-Cervantes might face in the future. *See* 8 C.F.R. § 1208.18(a)(1); *see also Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture.").

**Petition GRANTED and REMANDED in part and DENIED in part.**[1]

---

[1] Pineda-Cervantes's motion to stay removal pending his petition for review is denied as moot.